533 So.2d 461 (1988)
James S. GRIFFIN
v.
FUTORIAN CORPORATION, a/k/a Mohasco Upholstered Furniture Corporation and George Faulk.
No. 58023.
Supreme Court of Mississippi.
October 26, 1988.
*462 Lindsey C. Meador, Jacobs, Eddins, Povall, Meador & Crump, Cleveland, for appellant.
S.T. Rayburn, Sumners, Hickman & Rayburn, Oxford, for appellees.
Before ROY NOBLE LEE, C.J., and SULLIVAN and ZUCCARO, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
James S. Griffin instituted suit in the Circuit Court of Webster County, Mississippi, against his employer, Futorian Corporation, a/k/a Mohasco Upholstered Furniture Corporation, and George Faulk, its manager, for personal injuries sustained while in the scope of his employment with Futorian. The lower court granted summary judgment in favor of Futorian and Faulk, and Griffin has appealed to this Court, assigning four (4) errors in the trial below. We affirm.

Facts
Futorian was engaged in the manufacture of upholstered furniture in its plant located in Eupora, Mississippi. Appellant had been employed by Futorian for over twenty (20) years as a machine operator. On February 8, 1983, appellant was operating a large lumber sawing machine in the plant, and he slipped on an accumulation of sawdust located beneath the machine (saw) which severed most of his right hand and mangled his right arm. He was pulled into and against the safety cut-off switch, but was unable to deactivate or cut off the switch and stop the machine. Appellant filed for workers' compensation benefits and, on February 15, 1984, a lump-sum settlement was made and approved as a result of the injury. After a period of several months' recuperation, appellant returned to work at the Futorian plant and worked at the same sawing machine, which machine had been fitted with a new safety cut-off switch and with better hoods to remove the sawdust. On September 2, 1983, appellant again slipped on the sawdust, fell into the saw, and sustained injuries to his left hand, i.e., most of the left thumb and first two fingers on the left hand were cut off. On November 29, 1984, appellant again was granted compensation for the injury to his left hand.
On September 18, 1985, more than two (2) years after the second injury, appellant filed a tort action against Futorian Corporation and George Faulk, Corporate Manager, in the Circuit Court of Webster County, Mississippi, for personal injuries sustained as a result of the accidents on February 8, 1983, and September 2, 1983.

I.

THE LOWER COURT ERRED IN RULING THAT APPELLANT'S CAUSE OF ACTION IS BARRED BY THE EXCLUSIVE REMEDY OF THE MISSISSIPPI WORKERS' COMPENSATION ACT.
We address only the first assigned error since it is dispositive of the case.
The accidents which resulted in injuries to appellant became common shortly after the turn of the century when saw-mills moved into the State of Mississippi, or were newly organized here for the purpose of cutting the virgin pine and hardwood forests of Mississippi. Workers fell into open saws or were pulled into them by belts or knocked into them from the carriage. Their hands, arms and legs were cut off and many lost their lives. For a *463 period of approximately forty (40) years until the Workers' Compensation Law was enacted in 1948, the principal personal injury litigation in Mississippi resulted from those accidents. Master and servant law controlled and dominated the litigation. Issues on negligence such as the Safe Place to Work Doctrine, the Safe Appliance Doctrine (tools and machinery), adequate number of workmen, methods of work, rules and orders, etc. were submitted to juries.
With the passage of the Workers' Compensation Act, tort actions involving master and servant law were barred by the exclusive remedy of the act. Some states have amended their workers' compensation acts to make exceptions to the exclusive remedy. Mississippi's act has not been amended in that respect since its passage. The appellant urges this Court to recognize that the injuries sustained by him constitute a new tort outside the exclusivity rule of the Mississippi Workers' Compensation Law, i.e., Mississippi Code Annotated § 71-3-1 (Supp. 1988). However, the complaint reads like a standard declaration in the old Master and Servant cases. It charges that the appellant slipped and fell and was pulled into the saw. Parts of the complaint follow:
Count I.
(1) That for a very long period of time after the first injury Mr. Griffin had complained to the plant manager, George Faulk, that the sawing machine was in an extremely dangerous and unsafe condition.
(2) That the original safety cutoff switch had been placed by one much harder to operate.
(3) That Mr. Griffin had repeatedly warned Faulk and others that the safety switch was unsafe and that the removal of venthoods was allowing sawdust to accumulate in unsafe amounts.
(4) That the defendants willfully, consciously and intentionally ordered him to continue working in and around those dangerous conditions which were substantially certain to cause grevious and horrible injuries.
(5) That as a direct and proximate result of the willful, conscious and intentional failure to remedy the situation, Mr. Griffin was horribly injured.
Count II.
(6) Upon returning to work and sometime later he was sent back to the same machine.
(7) Mr. Griffin was given an increased workload despite his handicapped condition.
(8) The previous trusted and experienced helper Mr. Griffin had was replaced by an inexperienced and incapable helper.
(9) That because of these actions, Mr. Griffin was once again injured by the same machine.
Appellant cites McCain v. Northwestern National Ins. Co., 484 So.2d 1001 (Miss. 1986); Luckett v. Mississippi Wood, Inc., 481 So.2d 288 (Miss. 1985); and Southern Farm Bureau Casualty Ins. Co. v. Holland, 469 So.2d 55 (Miss. 1984); to the effect that this Court has already stated an exception to the exclusivity rule in bad faith refusal to pay claims. Those cases are distinguished from the case at bar because they involve the wrongful refusal to pay claims, not an intentional act that resulted in a personal and physical injury. In Miller v. McRae's, Inc., 444 So.2d 368 (Miss. 1984), discussing the exclusivity provision, the Court set out the two elements necessary for an injured employee to avoid the Mississippi Workers' Compensation Exclusive Liability Provision: (1) the injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employee's business, and (2) the injury must be one that is not compensable under the act. 444 So.2d at 371-72.
The Fifth Circuit Court of Appeals applied the principle of Miller in Mullins v. Biglane Operating Co., 778 F.2d 277 (5th Cir.1985). Mullins was working on an oil rig in south Mississippi. He had requested the use of a safety belt while working at the top of the rig, but the request was denied. He proceeded to work at the top *464 and fell approximately seventy-five (75) feet and was rendered a permanent paraplegic. Mullins sued at common law alleging an intentional tort due to the fact that Biglane refused to provide him with safety equipment. The District Court granted Biglane's motion to dismiss and the case was affirmed on appeal to the Fifth Circuit Court of Appeals. In finding that the injury was covered by the Mississippi Workers' Compensation Act, the Fifth Circuit said:
Mullins' injury did arise out of and in the course of his employment because he was on the job, performing his assigned duties, when he fell. We have already decided the Mullins' injury was the result of an accident. When we add the fact that the injury arose out of and in the course of Mullins' employment, the inescapable conclusion is that Mullins' injury is compensable under the Act.
778 F.2d at 279.
Dunn, Mississippi Workmen's Compensation, (3d ed. 1982 & Supp. 1984), notes that in order for a willful tort to be outside the exclusivity of the Act, the employee's action must be done "with an actual intent to injure the employee. It is not enough to destroy the immunity that the employer's conduct leading to the injury consists of aggravated negligence or even that the conduct goes beyond this to include such elements as knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job. [Footnote omitted]." Id. at § 22.
We are of the opinion that appellant's exclusive remedy against Futorian is from the benefits of the Workers' Compensation Act, which has been afforded him. George Faulk, corporate manager, was operating within the scope of his employment and he likewise is immune from suit because the exclusiveness of the act protects him in this case as it does his employer. Sawyer v. Head, 510 So.2d 472 (Miss. 1987); Brown v. Estess, 374 So.2d 241 (Miss. 1979); and McCluskey v. Thompson, 363 So.2d 256 (Miss. 1978).[1]
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] We note that Mississippi Code Annotated § 71-3-1 (Supp. 1988) delineates among the purposes of the Mississippi Workers' Compensation Act that the act shall be administered by the Commission "... for the prevention of injuries and occupational diseases to workers... ." Employers must constantly be aware of the purposes of the act and strive to effectuate them.