642 So.2d 842 (1994)
STATE of Florida, Appellant,
v.
John WHITE, Appellee.
No. 93-1106.
District Court of Appeal of Florida, Fourth District.
September 28, 1994.
*843 Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellee.
WARNER, Judge.
In this appeal, the state contends that the trial court erred in part in granting a motion to suppress all evidence seized as a result of the illegal execution of an improperly obtained search warrant. It contends that an independent crime was perpetrated by the appellee during the execution of the search warrant, and evidence as to that crime should not be suppressed. We agree and reverse in part.
Sunrise Police obtained a search warrant for the defendant White's apartment on the ground that the property contained evidence of gambling and was the site of poker games. Having secured the warrant they arrived at night to execute it. White's son, who was in the parking lot looking for suspicious activity, saw two or three men, one with a red shirt and one with a black shirt, a ski mask, and possibly a gun, go toward his father's apartment and crouch down. These individuals had nothing identifying themselves to him as police officers. When he described the situation to his father via walkie-talkie, White told him to call 911, which he did. The son obviously did not recognize that these were police officers.
One officer cut the power to White's apartment, engulfing it in darkness. Six others were then ready to raid the apartment. They broke down the door of White's apartment using a sledge hammer and a halogen torch. Shots rang out as the officers burst into the apartment. Four of the poker players testified that the officers never knocked and announced themselves as police, and that they only realized that they were police after the marked cars had arrived.
The officers' testimony was contradictory. While they all testified that they had announced their presence, their testimony was not credited by the court who found that they had not knocked or announced their presence. Some of the officers admitted wearing ski masks; others did not. Some said they had on raid jackets; one said that he did not have a raid jacket on. One officer, *844 who said he was in full uniform, acknowledged that the majority of officers there were out of uniform. They said that several shots came from the apartment, and one of the officers returned fire. In any event, it seems unlikely that the defendant and the other occupants in the home could have seen how the officers were dressed, given the fact that the officers had turned off the power to the apartment, thus eliminating any light to the premises. Luckily, no one was hurt in this confusion.
White was charged with four counts of attempted murder of a law enforcement officer and two counts involving gambling violations. White moved to dismiss the information and suppress all evidence seized pursuant to the execution of the warrant. The judge determined that the warrant was illegal as it was not based on a sufficient affidavit and was without probable cause. She further found that the officers did not knock and announce their presence and therefore their execution of the warrant was also illegal. Based upon her determinations, she granted a motion to suppress all evidence seized, including the firearm used to shoot at the police and the spent bullets found in the residence.
On appeal, the state challenges only the suppression of the firearm and spent bullets. It does not dispute that the warrant and the execution of the warrant were illegal. Instead it claims that an independent crime was committed by appellee in firing at the officers during the illegal entry.
The most analogous case to the instant facts is State v. Miller, 282 N.C. 633, 194 S.E.2d 353 (1973), which held that the exclusionary rule did not apply to evidence offered to prove the murder of one of the officers making an illegal entry. Otherwise, the court reasoned, the victim of an illegal search would have license to kill the officers involved, and the police would be deprived of protection afforded even to trespassers.
The commission of an independent crime during or after the execution of an illegal warrant may be charged, and if the evidence seized relates to the commission of that crime as opposed to the objects of the search warrant, suppression of such evidence should be denied. See also People v. Daniels, 186 Mich. App. 77, 463 N.W.2d 131, 133 (1990); State v. Boilard, 488 A.2d 1380, 1386-87 (Me. 1985).
Unquestionably, appellee may have justifiably used deadly force in resisting what appeared to him as a home invasion robbery. § 782.02, Fla. Stat. However, that is a defense to a charge. One may use such force as is necessary to defend one's home. See Falco v. State, 407 So.2d 203, 208 (Fla. 1981); Alday v. State, 57 So.2d 333 (Fla. 1952); Peele v. State, 155 Fla. 235, 20 So.2d 120 (1944). Whether such force is reasonable under the circumstances is a question either for the jury or for the court on a motion for judgment of acquittal or even a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). See State v. Smith, 376 So.2d 261 (Fla. 3d DCA 1979); Camp v. State, 293 So.2d 114 (Fla. 4th DCA 1974).[1] However, it is not a ground for suppression of evidence of the independent act occurring during the execution of the warrant.
We therefore reverse the order suppressing the gun and bullets found on the scene. We affirm the suppression of all of the other evidence found as the subject of an illegal search. The case is remanded to the trial court for further proceedings.
KLEIN and PARIENTE, JJ., concur.
NOTES
[1] Appellee filed a motion to dismiss which the trial court denied, but it was not a sworn motion pursuant to Rule 3.190(c)(4).