**Larry FRYE and Linda Frye, Plaintiffs,**

v.

**AIRCO, INC., et al., Defendants.**

**No. CIV.A. 3:02CV462LN.**

United States District Court, S.D. Mississippi, Jackson Division.

March 7, 2003.

Goldstein, Shelia M. Bossier, Thomas W. Tardy, III, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, W. Scott Welch, III, Mark W. Garriga, Heather M. Aby, Leslie J. Bobo, Patricia Cox Gandy, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, R. Curtis Smith, II, Aultman, Tyner, Ruffin & Yarbrough, Ltd., Hattiesburg, MS, Kevin M. Donovan, Victoria J. Miller, Glen R. Stuart, Morgan, Lewis & Bockius, Philadelphia, PA, Timothy Joseph Coughlin, Andrea B. Daloia, Thompson Hine, LLP, Cleveland, OH, J. Collins Wohner, Jr., John G. Corlew, John L. Low, IV, Watkins & Eager, Jackson, MS, Darren Milton Guillott, Deborah D. Kuchler, Abbott, Simses & Kuchler, New Orleans, LA, Samuel Goldblatt, Nixon Peabody, LLP, Buffalo, NY, Christopher Thomas, Nixon Peabody, LLP, Rochester, NY, Robert C. Latham, Truly, Smith, Latham & Kuehnle, Natchez, MS, John Michael Parker, Robert W. Barton, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, Elizabeth T. Bufkin, Henke Bufkia, Clarksdale, William Gorenc, Jr., Wegman, Hessler & Vanderburg, Cleveland, OH, James L. Jones, Scott W. Pedigo, Michael E.Dawkins, Robert E. Hauberg, Jr., Baker, Donelson, Bearman & Caldwell, Jackson, MS, John Michael Coleman, Joseph L. McNamara, Copeland, Cook, Taylor & Bush, Ridgeland, MS, David A. Oliver, Porter & Hedges, L.L.P., Houston, TX, Carol A. Rutter, Christopher J. Valeriote, Scott K.G. Kozak, Husch & Eppenberger, LLC, St. Louis, MO, W. Ray Persons, King & Spalding, Atlanta, GA, Douglas J. Behr, Arthur S. Garrett, III, Natasha L. Drew, Keller and Heckman, LLP, Washington, DC, for Defendants.

Mary E. McAlister, Douglas G. Mercier, David Nutt & Associates, Jackson, MS, Harold J. Barkley, III, The Barkley Law Firm, PLLC, West Point, MS, W. Howard Gunn, Aberdeen, MS, Ronald Simon, Simon & Associates, Washington, DC, for Plaintiffs.

Charles R. Wilbanks, Jr., Jeffrey P. Hubbard, Wells, Moore, Simmons & Hubbard, Jackson, MS, Thorne D. Harris, III, Metairie, LA, Walter H. Boone, Richard L. Forman, John C. McCants, Heidi B.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of plaintiffs Larry Frye and Linda

Frye to remand, pursuant to 28 U.S.C. § 1447. Defendants have responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

Plaintiffs filed this action in the Circuit Court of Copiah County, Mississippi, on January 16, 2002 seeking recovery for personal injuries alleged to have been sustained by Larry Frye as a result of his exposure to vinyl chloride and polyvinyl chloride during his employment at a vinyl chloride plant in Aberdeen, Mississippi. In their state court complaint, the Fryes, who are Mississippi citizens, named as defendants forty nonresident corporations, some of which are identified as companies that employed Larry Frye and others which are identified as companies that produced the vinyl chloride to which he was exposed. They also included as defendants three managers in the plant where Larry Frye worked. These three managers, like the plaintiffs, are Mississippi residents.

On May 10, 2002, defendant PPG Industries filed a notice of removal, asserting that the case was removable based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because of plaintiffs' alleged fraudulent joinder of the nondiverse defendants. On that same date, PPG filed a document entitled Notice of Filing Joinders and Consents to Removal, which listed each of the defendants then served, along with an original signed pleading from each served defendant signifying such defendant's consent to removal and joinder in the removal petition filed by PPG.

In their motion to remand, which they filed May 10, 2002, plaintiffs assert that the removal was defective for a variety of reasons, and maintain further that they have asserted viable, cognizable claims against the resident/nondiverse defendants who thus cannot be said to have been fraudulently joined. In the court's opinion, plaintiffs are incorrect on both counts.

■ Plaintiffs first object that the removal was defective because not all defendants that had been joined and served as of the date of removal filed any document or other paper indicating their joinder in or consent to PPG's notice of removal with the court as required by 28 U.S.C. § 1446, and specifically, they assert that Gulf Oil Corporation, Thompson Apex Company, Condea Vista Company and Dupont Power Marketing Inc. did not join in or consent to the removal. Their position is not well founded. As set forth in PPG's response to the motion to remand and as is unrefuted by plaintiffs, Gulf Oil Corporation joined through its successor in interest, Chevron, U.S.A.; Thompson Apex Company joined through its successor in interest, Conoco Inc.; DuPont Power Marketing Inc. joined under its new name, Conoco Power Marketing Inc.; and Condea Vista Company joined under its new name, Sasol North America Inc.

Neither is there merit to plaintiffs' contentions that the removal was defective because PPG filed the joinders and consents to removal for other defendants rather than each defendant having personally filed its own joinder and consent to removal, and because the forms that were filed failed to comply with one or more requirements of Federal Rules of Civil Procedure 5(a), 5(d), 5(e), 7(b)(2), 10(a) or 11(a), or 28 U.S.C. § 1446. The court is wholly unpersuaded that the procedure followed by defendants in lodging their joinder in and/or consent to removal with the court, including the forms employed for that purpose, violated any of the cited Rules of Civil Procedure or was contrary in any respect to the requirements of the removal statute. In short, the court file reflects a "timely filed written indication

from each served defendant, or from some person or entity purporting to formally act on its behalf," that such defendant joins in and consents to removal of the case.[1] Nothing more is required, and remand is thus not warranted on this basis.

■ The bases for defendants' assertion that the resident defendants, Robert Seymour, Christopher Markerson and Jerald V. Uptain, have been fraudulently joined are that (1) plaintiffs' exclusive remedy against these individuals is Mississippi's Workers' Compensation Act; (2) plaintiffs' causes of action for intentional torts fail as a matter of law; and (3) plaintiffs' claims are time-barred. The removing defendants have the burden to prove fraudulent joinder, and sustain that burden only by showing that the plaintiffs have no possibility of recovery against the nondiverse defendants. See Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995). "If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent...." Badon v. RJR Nabisco Inc., 236 F.3d 282, 286 (5th Cir. 2000) (quoting Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir.1979)).

Plaintiffs submit that the resident defendants, who were managers at the plant where Larry Frye worked, are personally liable to Larry Frye for the damages and injuries he suffered which were proximately caused, wholly or partly, by intentional torts of these defendants, as set forth in the complaint and in Larry Frye's affidavit which accompanies his motion to remand which include, (a) intentionally concealing information from Larry Frye that was known to them regarding the dangerous nature of his exposure to vinyl chloride and polyvinyl chloride (PVC) dust at the plant; (b) misrepresenting information to Larry Frye that they knew to be false regarding the safety and danger of levels of exposure to vinyl chloride and PVC dust at the plant; (c) deliberately placing Larry Frye in a dangerous work environment; (d) battery; (e) fraud; (f) conspiracy with other defendants to conceal knowledge of the dangers of hazardous levels of vinyl chloride and PVC dust at the plant; and (g) conspiracy with other defendants to misrepresent the dangers to Larry Frye's health by providing false information to him regarding the effects of vinyl chloride and PVC exposure. Plaintiffs submit that some or all of these claims are viable, and that none are time-barred or barred by the Workers' Compensation Act.

■ Plaintiffs alleged in their original complaint that as a result of his exposure to vinyl chloride and PVC dust during his thirty years of employment at the PVC plant in Aberdeen, Larry Frye contracted "occupationally induced reactive airways disease." In their amended complaint, plaintiffs allege that he contracted Raynaud's Syndrome as a result of his exposure at work to vinyl chloride and PVC dust. The Mississippi Workers' Compensation Act explicitly covers "occupational diseases," such as alleged by plaintiffs, providing as follows:

> Compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of and in the course of employment, without regard to fault as to the cause of the injury or occupational disease. An occupational disease shall be deemed to arise out of and in the course of employment when there is evidence that there is a direct causal connection between the

---

1. See Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

work performed and the occupational disease.

The Act further provides,

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee ... on account of such injury or death.

Miss.Code Ann. § 71–3–9. Though this section purports to make the Workers' Compensation Act an employee's exclusive remedy for "injury," the exclusivity bar applies, as well, to "occupational disease." *See* Miss.Code Ann. § 71–1–3 (stating that "all provisions of this chapter apply equally to occupational diseases as well as injury").[2]

■ Nevertheless, while plaintiffs have clearly alleged that Larry Frye suffers from an occupational disease as a result of his employment, plaintiffs argue that because they have alleged numerous intentional torts against the resident defendants, the exclusivity provision of the Workers' Compensation Act does not apply. In the court's opinion, however, unlike "injury," which is covered by the Workers' Compensation Act only if accidental, an "occupational disease" is covered by the Act without reference to the specific manner in which it was caused, subject only to the requirement that "there is evidence that there is a direct causal connection between the work performed and the occupational disease."

■ In this regard, the Act specifically defines "injury" as "accidental injury," so that an injury which results from another's willful or intentional acts is not covered by the Act. *See Davis v. Pioneer Inc.*, 834 So.2d 739, 742 (Miss.App.2003)

(acts alleged to have been caused by wilful and intentional acts, "did not arise from an accidental injury or an accidental death" and hence were not covered by Workers' Compensation Act). The Act, though, expressly excludes "occupational diseases, or the aggravation thereof ... from the term 'injury'," Miss.Code Ann. § 71–3–3(b), and thus its coverage is not limited to "occupational diseases" that are accidental. Accordingly, contrary to plaintiffs' urging, the accident/intentional distinction is irrelevant for coverage of an "occupational disease." It follows that the Workers' Compensation Act is plaintiffs' exclusive remedy for his alleged "occupational disease."[3]

■ The court would further observe, though, that even if intent were relevant in the determination of coverage for an "occupational disease," the allegations of the plaintiffs here do not remotely suggest the kind of "intent" that the Mississippi courts require to remove conduct from the coverage of the Act. In this regard, the Mississippi Supreme Court has repeatedly recognized that in the absence of an employer's actual intent to injure an employee, the employee's injury is covered by the Act, and the employee is thus limited to the remedy provided under the Act. For example, in *Blailock v. O'Bannon*, 795 So.2d 533, 537 (Miss.2001), the court stated:

> [A] mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy provisions of the Act. There must be a finding of an "actual intent to injure." Reckless or grossly negligent conduct is not enough to remove a claim from the

---

**2.** The exclusivity provision applies not only to the employer, but to an employee's co-workers, including managers and supervisory personnel. *See Griffin v. Futorian Corp.*, 533 So.2d 461, 464 (Miss.1988) (extending immunity to corporate manager).

**3.** The court notes that Larry Frye, asserting an occupational disease, did file a claim for workers' compensation benefits in 1999. He dismissed his petition for benefits shortly before filing this suit.

exclusivity of the Act. *Peaster v. David New Drilling Co.*, 642 So.2d 344, 348, 349 (Miss.1994).

And in *Peaster*, cited by the court in *Blailock*, the court wrote this:

> Dunn, Mississippi Workmen's Compensation, (3d ed. 1982 & Supp.1984), notes that in order for a willful tort to be outside the exclusivity of the Act, the employee's action must be done "with an actual intent to injure the employee. It is not enough to destroy the immunity that the employer's conduct leading to the injury consists of aggravated negligence or even that the conduct goes beyond this to include such elements as knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job."

642 So.2d at 347–48 (citations omitted) (holding that despite allegations that the employer "willfully" disregarded its duties to employee, "intentionally" failed to make needed repairs to tractors and trailers to make them safe, acted with "gross and reckless disregard for the rights and safety of the public in general and particularly of Plaintiffs' decedent" and with "knowledge of substantial certainty of injury",

"the overwhelming language and facts point to negligence, including gross negligence" and consequently, the exclusivity bar of the Act applied).

Here, although plaintiffs' complaint is replete with allegations of "intentional" misconduct by the resident defendants, "the overwhelming language and facts point to negligence, including gross negligence," *id.*, and hence, their claims against these defendants are barred by the exclusivity provision of the Workers' Compensation Act.[4]

For these reasons, the court concludes that plaintiffs have no possibility of recovering against the resident defendants,[5] who thus have been fraudulently joined. Therefore, it is ordered that plaintiffs' motion to remand [93] is denied.[6]

---

4. The court notes that while plaintiffs allege a cause of action for battery, there are no factual allegations to support any such claim.

5. Linda Frye's claim in this case is for loss of consortium. Her claim, being derivative of her husband's, is barred since his is barred. *See Stevens v. FMC Corp.*, 515 So.2d 928, 932 (Miss.1987) (holding that exclusivity bar extended to wife's loss of consortium claim, stating, "each of the reasons as grounds against Mr. Stevens' claim, equally apply to Mrs. Stevens' claim").

6. The court's records reflect that plaintiffs moved to stay consideration of "defendants' motions to dismiss" pending a ruling on the motion to remand. However, the court's review of the record shows that only one defendant, Goodyear Tire and Rubber Company, has made any motion to dismiss, and that motion, so far as the court is aware, was included in Goodyear's answer and was not noticed or accompanied by a memorandum of authorities, as required by the court's local rules. For these reasons, the motion to dismiss [58] will be denied, without prejudice to Goodyear's right to reurge the motion, and plaintiffs' motion to stay [89] will be denied as moot.