GRAVES, Presiding Justice,
Specially Concurring.
¶ 62. I fully concur with the majority that the judgment of the trial court must be affirmed. However, I write separately *243 to address the use of the phrase “substantially certain” in the jury instructions.
¶ 63. The majority finds that the references to “substantially certain” in Instructions P-2 and P-4 were in error.[64] I disagree with the majority inasmuch as the instructions contain a correct statement of the law. The majority cites Peaster v. David New Drilling Co., 642 So.2d 344 (Miss.1994), Blailock v. O’Bannon, 795 So.2d 533, at 535 (Miss.2001), and Griffin v. Futorian Corp., 533 So.2d 461 (Miss.1988), in attempting to define “actual intent.” However, these cases neither stand for nor support the proposition suggested by the majority. In Peaster, this Court found:
In the complaint it was alleged that David New Drilling “willfully” disregarded its duties to Jimmy Wilcoxson, “intentionally” failed to repair the brakes on the tractors and trailers, acted with “gross and reckless disregard for the rights and safety of the public in general and particularly of Plaintiffs’ decedent” and with “knowledge of substantial certainty of injury.” Despite these allegations, the ovenvhelrning language and facts point to negligence, including gross negligence.
Peaster, 642 So.2d at 346 (emphasis added).
¶ 64. Clearly, the upshot of the Peaster decision was that this Court found that Plaintiff Peaster had failed to prove the allegations, which included “knowledge of substantial certainty of injury,” and thus had failed to establish “actual intent.” There was no discussion or finding in Peaster to support the proposition that the “actual intent” exception cannot and does not include “knowledge of substantial certainty of injury.” Moreover, the majority’s discussion of Griffin likewise fails to support this proposition. In Peaster, this Court quoted the following from Griffin:
Dunn, Mississippi Workmen’s Compensation, (3d ed. 1982 & Supp.1984), notes that in order for a willful tort to be outside the exclusivity of the Act, the employee’s [sic] action must be done “with an actual intent to injure the employee. It is not enough to destroy the immunity that the employer’s conduct leading to the injury consists of aggravated negligence or even that the conduct goes beyond this to include such elements as knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job.”
Peaster, 642 So.2d at 347 (quoting Griffin, 533 So.2d at 464). This Court further said:
Griffin [sic] absolutely bars an intentional tort claim even where the probability of gross negligence exists. Thus, in the case sub judice, even if the appellants could prove that David New Drilling was guilty of gross negligence, such a finding would remain insufficient to create an intentional tort and accordingly remove the appellants’ claim from under the Workmens’ [sic] Compensation Act. A mere willful and malicious act remains insufficient to give rise to the exception under the Act.
Id. at 348.
¶ 65. Notably, in discussing Peaster’s assertion that this Court recognize a substantially-certain exception and apply the Restatement definition of intent, this Court found that:
What the appellants propose is not particularly new or inconsistent with the previous decisions of this Court. As noted, this Court has previously *244 considered the Restatement’s interpretation of intent. The problem is that the allegations of the complaint and all evidence before the lower court fall far short of the substantial certainty which is required.
Id. at 349 (emphasis added).
¶ 66. Further, Black’s Law Dictionary defines “intentionally” as follows, in relevant part: “To do something purposely, and not accidentally.... Person acts ‘intentionally’ if he desires to cause consequences of his act or he believes consequences are substantially co-tain to result. ...” Black’s Law Dictionary 810 (6th ed.1990) (citation omitted) (emphasis added). Black’s defines “actual” as: “Real; substantial; existing presently in fact; having a valid objective existence as opposed to that which is merely theoretical or possible.... ” Black’s Law Dictionary at 34 (emphasis added). Black’s also notes the following in the definition of “intent”: “The word ‘intent’ is used throughout the Restatement of Torts, 2nd, to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.... ” Black’s Law Dictionary at 810 (emphasis added).
¶ 67. Therefore, I would find that there is no error in including substantially-certain language in the jury instructions along with language of actual intent.

. Even so, the majority ultimately finds any error to be harmless.