DICKINSON, Justice,
Specially Concurring.
¶ 68. Although I concur with the majority, I write separately to address two points.
I.
¶ 69. The majority correctly holds that — absent an actual intent to injure the employee — the “exclusive-remedy” provisions of the Mississippi Workers Compensation Act (the “Act”) apply to injuries inflicted by employers upon employees. The vast majority of states, including Mississippi, hold this view, even where the employer’s conduct is substantially certain to result in injury. 6 Arthur Larson, Larson’s Workers’ Compensation Law § 103.03 (2008).
[ T]he common-law liability of the employer cannot under the almost unanimous rule, be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of a conscious and deliberate intent directed to the purpose of inflicting an injury.
Id. (footnotes omitted). Although thirty-eight jurisdictions (including Mississippi) “follow the rule that actual intent to injure is necessary to come outside of the exclusivity provision,” twelve states disagree. Thus, “in recent years there has been a trend toward permitting common law suits when the injury is the result of actions the employer knew were ‘substantially certain’ to cause injury. About a dozen states[65] now follow this or a similar rule.” Larson’s § 103.03 n. 1. However, our precedent holds that:
[ i]t is not enough to destroy [Workers Compensation] immunity that the employer’s conduct leading to the injury consists of ... knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job.... This Court has held repeatedly that the employer’s action must be done with an actual in *245 tent to injure the employee, and that “an intentional tort is an act of intentional behavior designed to bring about the injury.”
Peaster v. David New Drilling Co., 642 So.2d 344 (Miss.1994) (internal citations omitted).
¶ 70. In 1988, this Court reviewed an injured worker’s argument that the Court should “recognize that the injuries sustained by him constitute a new tort outside the exclusivity rule of the [Act].” Griffin v. Futorian Corp., 533 So.2d 461, 463 (Miss.1988). Speaking for a unanimous Court, Chief Justice Roy Noble Lee stated that “[s]ome states have amended their worker’s compensation acts to make exceptions to the exclusive remedy. Mississippi’s act has not been amended in that respect since its passage.” Id. at 463. Recognizing (as the majority does today) that an actual intent and design to injure is necessary, the Griffin Court cited with approval the following authority:
[ I]n order for a willful tort to be outside the exclusivity of the Act, the [employer’s] action must be done “with an actual intent to injure the employee. It is not enough to destroy the immunity that the employer’s conduct leading to the injury consists of aggravated negligence or even that the conduct goes beyond this to include such elements as knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job.”
Griffin v. Futorian Corp., 533 So.2d at 464 (citing Dunn, Mississippi Workmen’s Compensation (3d ed. 1982 & Supp.1984)) (emphasis added).[66] It is of some significance that — since Griffin was handed down some twenty years ago — the Legislature has taken no action to address or contradict its holding.
¶ 71. Thus, absent the employer’s deliberate intent and design to injure the employee, the law in Mississippi — as it currently exists — does not allow an injured employee to escape the exclusive — remedy provisions of the Act. The law on this point is so clear that discussion of the contrary view is unnecessary. And upon this point, I fully concur with the majority.
II.
¶ 72. Another point I believe important concerns the procedure for presenting to the trial court an assertion that the Act provides a plaintiffs exclusive remedy. As a matter of procedure, in order to preserve the issue for appeal, a defendant should raise the matter in the first instance as an affirmative defense or (as in the case before us today) in a motion to dismiss. The converse is also true, that is, the plaintiff has no duty to raise or argue the issue.
¶ 73. Black’s Law Dictionary defines an affirmative defense as “[a] defendant’s assertion of facts and arguments that, if true, will defeat the plaintiffs ... claim, even if all the allegations in the complaint are true.” Black’s Law Dictionary 356 (8th ed.2005). Franklin’s position is that — even though everything the plaintiffs say in this lawsuit may be true — it is nonetheless entitled to dismissal from this civil suit, because the Act provides the plaintiffs’ exclusive remedy.
¶ 74. As stated, in the case before us, Franklin raised the question by motion to dismiss, and the trial judge denied the *246 motion, finding that the issue involved a question of fact. Thus, Franklin properly-preserved the issue for appeal.
¶ 75. Furthermore, a defendant seeking to escape tort liability via an affirmative defense has the additional duty to seek a jury instruction for that affirmative defense which places the burden of proof (as to the affirmative defense) squarely upon the defendant. See Natchez Elec. & Supply Co., Inc. v. Johnson, 968 So.2d 358, 361 (Miss.2007) (“The burden of proving an affirmative defense lies upon the party who relies upon that defense.” (citing Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923, 927 (Miss.2006))).
¶ 76. Franklin argues that the jury instructions were contradictory and did not properly instruct the jury on its affirmative defense. The instructions which were given address the plaintiffs’ burden of proof in establishing the causes of action pending before the circuit court. The instructions (recited in the majority opinion) addressing those causes of action were, in my judgment, correct. The fact that the jury was not instructed exactly as Franklin thinks it should have been should not be viewed as error on the part of the plaintiffs, who had no duty to offer an instruction from Franklin’s perspective.
¶ 77. That said, under the facts of this case (as discussed by the majority), any additional instruction offered by Franklin wouldn’t have affected the outcome anyway. But in the interest of completeness, I offer this analysis which I believe to be complementary — rather than contrary — to the majority.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR AND PIERCE, JJ„ JOIN THIS OPINION.

. Connecticut, Louisiana, New Jersey, North Carolina, Ohio, Oklahoma, South Dakota, Texas, California, Michigan, Washington, and West Virginia.

. The above quoted language from Dunn is correct. However, the Griffin Court mistakenly indicated that the “employee’s” act, rather than the employer’s act, must be done with actual intent to injure. Thus, the Griffin Court included a typographical error. We therefore now make the correction.