LaROSE, Judge.
The State appeals the dismissal of a possession of cocaine charge against H.D. after the trial court granted his motion to suppress evidence. See § 893.13, Fla. Stat. (2011). We reverse.
Police received an anonymous tip that someone was selling drugs from a red pickup truck. When Officers Zarra and O’Brien arrived at the scene, they saw H.D. riding a bicycle away from the truck. No one else was nearby. They dispatched a Be-On-(the)-Look-Out alert (BOLO) for a black male fleeing the scene on a bicycle. H.D. abandoned the bicycle and the officers chased him on foot.
Officer Morley heard the BOLO and saw H.D. scaling a privacy fence in back of a house. H.D. ignored the officer’s orders to stop and entered the backyard. People standing in the yard were telling H.D. to leave. H.D. tried to enter the house. Officer Morley ordered H.D. to stop and drop to the ground. When H.D. refused to do so, Officer Morley tasered him. The officer arrested him and found several grams of cocaine in his possession.
The trial court granted H.D.’s motion to suppress, finding that the BOLO was improper because Officers Zarra and O’Brien failed to corroborate the anonymous tip and had inadequate grounds to detain H.D. See Simms v. State, 51 So.3d 1264, 1266 (Fla. 2d DCA 2011). The trial court ruled that the unlawful BOLO tainted Officer Morley’s authority to stop H.D. even after H.D. trespassed on private property. According to the trial court, the cocaine was inadmissible as “fruit of the poisonous tree.” See Wong Sun v. United States, 371 U.S. 471, 487-88, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The State concedes that the BOLO was unlawful, but argues that H.D.’s refusal to leave the private property constituted a trespass in Officer Morley’s presence that purged the taint of the improper BOLO and gave the officer authority to stop H.D. See id. at 488.
In Wong Sun, the Supreme Court declined to adopt a “but for” test for assessing motions to suppress:
We need not hold that all evidence is “fruit of the poisonous tree” simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is “whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.”
Id. at 487-88 (quoting Maguire, Evidence of Guilt, 221 (1959)). To determine whether the evidence in this case is sufficiently distinguishable, we consider three factors: “ ‘(1) the time elapsed between the illegality and the acquisition of the evidence; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct.’” State v. Frierson, 926 So.2d 1139, 1143 (Fla.2006) (quoting United States v. Green, 111 F.3d 515, 521 *919 (7th Cir.1997) (relying on factors set forth in Brown v. Illinois, 422 U.S. 590, 603-04, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975))). No single factor is dispositive; we must base our determination on the totality of the circumstances. See Frierson, 926 So.2d at 1144.
The short time between the BOLO and the seizure of the cocaine and the obvious inadequacy of the BOLO support the trial court’s ruling that the officer obtained the cocaine by exploiting the unlawful BOLO. The key factor here, however, is whether H.D.’s intervening trespass while fleeing from Officer Morley was a sufficient attenuation to purge the taint of the unlawful BOLO. See id. at 1140. H.D. committed the trespass in Officer Morley’s presence. See § 810.09(1), Fla. Stat. (2011). H.D.’s trespass was, indeed, sufficiently attenuated from the improper BOLO. See, e.g., State v. Clavette, 969 So.2d 468, 466 (Fla. 5th DCA 2007) (“The courts have consistently held that the evidence of the new crime is admissible notwithstanding the prior illegal arrest or search.”); State v. White, 642 So.2d 842, 844 (Fla. 4th DCA 1994). Therefore, we reverse the trial court’s order granting H.D.’s motion to suppress the cocaine police found on his person and remand for further proceedings.
Reversed and remanded.
VILLANTI and BLACK, JJ„ Concur.