**604**

MARVEON SIGN COMPANY, Plaintiff
and Respondent,

v.

Myrna ROENNEBECK, Defendant
and Appellant.

No. 18751.

Supreme Court of Utah.

Dec. 6, 1984.

SCOTT J. DANIELS, District Judge.

The defendant, Myrna Roennebeck, and her husband, Fred Roennebeck, were general partners in a business called Precious Metals of Utah. Plaintiff sued on a written contract to supply an electric sign. The form contract begins with a blank labeled "purchaser." In the blank is written "Fred Roennebeck, Precious Coins." Thereafter, the contract recites: "I/We the undersigned, hereinafter called the Purchaser...." The signature line is preceded by the printed word "purchaser" and is signed by defendant Myrna Roennebeck. Under her signature are the printed words "authorized signature."

Suit was brought solely against Mrs. Roennebeck, alleging personal liability on the contract. Mrs. Roennebeck moved to join the partnership and its other partner, Mr. Roennebeck, as parties. Plaintiff steadfastly maintained that it was not seeking to enforce a joint liability based on the partnership, but rather a personal obligation of Mrs. Roennebeck's based on her signature on the contract. Accordingly, the trial judge denied the motion to join.

Evidence was admitted to show the intentions of the parties. The very limited evidence available indicated that plaintiff dealt exclusively with Mr. Roennebeck. He ordered the sign, detailed its specifications, and negotiated the price. He then told his wife to sign the contract, and she did. There were no discussions as to whether she was signing as an agent or in her personal capacity.

■ When a person signs a contract without qualification or indication that she signed as an agent or representative, she is personally liable. In *Anderson v. Gardner*, Utah, 647 P.2d 3 (1982), the Court adopted the rule (which is statutory for negotiable instruments, U.C.A., 1953, § 70A–3–403(2)(a)) that a signer is personally liable "if the instrument neither names the person nor shows that the representative signed in a representative capacity."

■ In this case, the contract named the purchaser as "Fred Roennebeck, Precious Coins." The words "authorized signature" under the signature line imply that Myrna Roennebeck was signing as an agent. Although parol evidence was admitted to show the parties' intentions, there was no evidence that either party intended Mrs. Roennebeck to be the purchaser of the sign. All the evidence was that he, not she, was intended to be the purchaser. Ac-

cordingly, she is not personally liable on the contract.

The judgment is reversed. Costs are awarded to the appellant.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., does not participate herein; SCOTT J. DANIELS, District Judge, sat.

ZIMMERMAN, J., does not participate herein.

