**STEARNS AIRPORT EQUIPMENT CO., INC., Plaintiff,**

v.

**FMC CORPORATION, Defendant.**

**No. 4:95–CV–880–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

March 26, 1997.

Eric Nevins Whitney, Lynn Stodghill Melsheimer & Tillotson, Dallas, TX, Robert William Kantner, Cynthia Lee Dow, Baker & Botts, Dallas, TX, for Plaintiff.

Walter Andrew Herring, Fulbright & Jaworski, Dallas, TX, Layne E. Kruse, Frank Griffith Jones, Fulbright & Jaworski, Houston, TX, Hugh Gottschalk, Terence M. Ridley, Otten Johnson Robinson, Neff & Ragonetti, Denver, CO, for Defendant.

### MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendant, FMC Corporation, ("FMC") for summary judgment ("Motion"). Plaintiff, Stearns Airport Equipment Co., Inc., ("Stearns") has made a response ("Response"), to which FMC has replied. Upon consideration of the Motion, the Response, the reply, the record, the summary judgment evidence and applicable authorities, the court concludes that the motion should be granted.

## I.

### *History and Nature of the Action*

The nature of the action is described in the memorandum opinion and order the court signed May 31, 1996, granting FMC's motion for partial summary judgment. The May 31 order dismissed count three (alleged violations of section 1 of the Sherman Act) and limited count two (alleged violations of section 2(a) of the Robinson–Patman Act) to sales made to non-governmental entities. The claims that remain pending are alleged violations of section 2 of the Sherman Act (count one), alleged price discrimination in sales to non-governmental entities in violation of section 2(a) of the Robinson–Patman Act (count two), unfair competition (count four), and tortious interference (count five).

## II.

### *Grounds of the Motion*

FMC contends that count one, alleging a violation of the Sherman Act § 2 for monopolization or attempted monopolization, is barred as a matter of fact and law. Specifically, FMC contends that there is no evidence that it engaged in any anticompetitive conduct, that Stearns has suffered, or will suffer, antitrust injury, or that FMC has, or will have, monopoly power in a properly defined relevant market. FMC contends that if count one is dismissed, the court should dismiss count two as well in that the Robinson–Patman Act uses the same predatory pricing standard that applies to a claim under § 2 of the Sherman Act. Furthermore, as to count two, FMC asserts that there is no evidence that it made any discriminatory sales to at least two non-governmental entities. FMC argues that the state law claims should be dismissed either because there is no evidence to support these claims or because they are pendent claims that should not survive dismissal of the federal claims, if the federal causes of action are barred.

## III.

### *The Response*

Stearns contends in its response that the summary judgment evidence raises genuine issues of fact as to all essential elements of each of its theories of recovery.

## IV.

### *Analysis*

A. *Applicable Summary Judgment Principles.*

The summary judgment principles applicable to FMC's motion are described at page 3 and 4 of the May 31, 1996, memorandum opinion and order in this action.

B. *Plaintiffs' Count One: Alleged Violations of § 2 of the Sherman Act.*

The court has concluded that count two should be dismissed because Stearns has not met its burden to adduce evidence of the existence of all elements of a § 2 monopolization or attempted monopolization claim.

In order to prevail on his § 2 claim for attempted monopolization, Stearns must prove that (1) defendant engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize, and (3) there is a dangerous probability of defendant achieving monopoly power. *Spectrum Sports, Inc. v. McQuillan,* 506 U.S. 447, 456, 113 S.Ct. 884, 890, 122 L.Ed.2d 247 (1993); *C.A.T. Indus. Disposal, Inc. v. Browning–Ferris Indus., Inc.,* 884 F.2d 209, 210 (5th Cir.1989). The elements of Stearns's monopolization claim are (1) the possession of monopoly power in the relevant market and (2) willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident. *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 481, 112 S.Ct. 2072, 2089, 119 L.Ed.2d 265 (1992); *Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.,* 732 F.2d 480, 487 (5th Cir.1984). In common with a claim for attempted monopolization, a § 2 claim based on monopolization requires proof that the defendant has engaged in predatory, or anticompetitive, behavior. *See Northeastern Tel. Co. v. American Tel. & Telegraph Co.,* 651 F.2d 76, 85 (2d Cir.1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1438, 71 L.Ed.2d 654 (1982) (holding that the plaintiff must demon-

strate that the defendant engaged in anti-competitive behavior to prove either monopolization or an attempt to monopolize).

The court has concluded that the ground of FMC's motion that there is no evidence that it engaged in any anticompetitive conduct has merit. Because of the conclusion of the court that the § 2 claims should be resolved on that basis, the court does not find it necessary to make a resolution of the other grounds urged by FMC in support of its contention that it is entitled to summary disposition of the § 2 claims. The failure of the court to decide the merits of those other grounds is not to be taken as any indication that the court has formed a judgment as to the merits of any of the other grounds.

The court concludes that Stearns has failed to adduce sufficient evidence in support of its monopolization or attempted monopolization claims to create a genuine issue that FMC engaged in any anticompetitive conduct.

### 1. No Evidence of Predatory Pricing:

■ In order to show predatory pricing, Stearns must at least show that either (1) FMC charged a price below its average variable cost in the relevant market or (2) FMC charged a price below its short-run profit-maximizing price and that barriers to entry into the relevant market are great enough to enable FMC to reap the benefits of predation before new entry is possible. *Adjusters Replace-A-Car v. Agency Rent-A-Car, Inc.*, 735 F.2d 884, 890 (5th Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 910, 83 L.Ed.2d 924 (1985).

As the summary judgment opponent, Stearns had the burden to "set forth specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 256, 106 S.Ct. 2505, 2510, 2514, 91 L.Ed.2d 202 (1986). To meet its burden, Stearns was obligated to "identify specific evidence in the records and articulate the precise manner in which the evidence support[s][its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513

U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). Stearns has failed to identify for the court any summary judgment evidence showing that FMC priced below either its average variable cost or its short-run profit maximizing price.

Stearns has cited to only two pages of documents to support its assertion that FMC made bids below either its average variable cost or its short-run profit maximizing price.[1] The first document on which Stearns relies relates to the Baltimore Airport project, which is not one of the six projects Stearns contends were bid below cost. Response, tab 69 (FMC27966). The document does not contain any information regarding the actual bid price on that project. Furthermore, the summary judgment evidence shows that the document is only an internal pricing worksheet that contains a bid different from the actual bid submitted for the project. The second document on which Stearns relies again only constitutes an internal pricing worksheet that does not contain any information regarding the actual bid given for the project. Response, tab 46 at 7 (FMC27949). Indeed, that same document states that FMC "intend[s] to bid this project with a 10% margin on the bridges." *Id.* at 3 (FMC27945). Furthermore, the summary judgment evidence shows that this internal pricing worksheet concerned only a portion of the overall project. There is no summary judgment evidence that the actual bid was not higher. In summary, Stearns has failed to direct the court's attention to any evidence that FMC's actual bids or prices were below any measure of cost.

### 2. No Evidence of Other Anticompetitive, Exclusionary Conduct.

■ Apart from alleged predatory pricing, Stearns contends, in support of its predatory behavior claim, that:

> FMC engaged in other predatory conduct not related to competition on the merits. FMC documents reveal that it "dictated" terms to customers to exclude Stearns,

---

**1.** The only "pricing" information to which Stearns refers the court as evidence in support of its predatory pricing contention are items under tabs 46 and 69 of the appendices to the Response. *See* Plaintiff's Brief in Support of its Response to Defendant's Motion for Summary Judgment at 12–13.

that it intended to "spec out" Stearns at every available opportunity in order to limit its competition, it suborned procurements by airport authorities in violation of bidding statutes, attempted to influence specifications for the sole reason of increasing Stearns's costs, pressured airlines to influence airports to exclude Stearns, threatened customers with protest and delays if Stearns was given a project and disparaged Stearns's bridges to potential customers by making false allegations about Stearns's products, Stearns's history and Stearns's future viability as a manufacturer. None of this conduct was designed to benefit the customer but rather to limit completion [sic] and exclude Stearns.

Response at 9–11. Stearns has failed to present any summary judgment evidence supporting its assertion that FMC dictated terms to customers with the intent to exclude Stearns. The documents cited by Stearns would not support a finding that FMC dictated terms to customers that had the effect of excluding Stearns. *See* Response, tab 48 at 3, tab 49 at 3, and tab 50 at 3. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir.1984). Stearns's allegations that FMC intended to spec out Stearns at every available opportunity and FMC's attempts to sole source do not rise to the kind of predatory or exclusionary conduct that is necessary to support an antitrust claim. *See, e.g., Triple M Roofing Corp. v. Tremco, Inc.,* 753 F.2d 242, 246–47 (2d Cir.1985) (competitive process not endangered by including "proprietary specifications in the bid documents"); *George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.,* 508 F.2d 547, 558 n. 19 (1st Cir.1974), *cert. denied,* 421 U.S. 1004, 95 S.Ct. 2407, 44 L.Ed.2d 673 (1975) ("[n]o case supports this thesis" that "the mere showing of adoption of proprietary and exclusionary specifications is sufficient to establish a violation of the antitrust laws"); *Super-Turf, Inc. v. Monsanto Co.,* 660 F.2d 1275, 1280 (8th Cir.1981) ("even if one accepts SuperTurf's argument that the adoption of one product's specifications precludes further competition, it is also true that SuperTurf is free to press for the adoption of its own product's specifications"); *Richard Hoffman Corp. v. Integrated Bldg. Sys.,* 610 F.Supp. 19, 23 (D.C.Ill.1985) (noting freedom to "tout the virtues" of any product). Concerning Stearns's remaining allegations, Stearns has failed either to present authority holding it improper for a competitor to engage in the described conduct or to present summary judgment evidence supporting its conclusory allegations.

C. *Plaintiff's Count Two: Violation of the Robinson–Patman Act § 2(a)—15 U.S.C. § 13(a).*

■ Stearns's count two alleges predatory pricing in violation of the Robinson–Patman Act, 15 U.S.C. § 13(a). While there are differences between § 2 of the Sherman Act and the Robinson–Patman Act:

> [the] essence of the claim under either statute is the same: A business rival has priced its products in an unfair manner with an object to eliminate or retard competition and thereby gain and exercise control over prices in the relevant market.
>
> Accordingly, whether the claim alleges predatory pricing under § 2 of the Sherman Act or primary-line discrimination under the Robinson–Patman Act, two prerequisites to recovery remain the same. First, a plaintiff seeking to establish competitive injury resulting from a rival's low prices must prove that the prices complained of are below an appropriate measure of its rival's costs.

*Brooke Group. Ltd. v. Brown & Williamson Tobacco Corp.,* 509 U.S. 209, 222, 113 S.Ct. 2578, 2587, 125 L.Ed.2d 168 (1993) (citations omitted). As the court has already concluded that Stearns has failed to raise a genuine issue of material fact regarding FMC's pricing, the court concludes that Stearns's claim under the Robinson–Patman Act should, likewise, be dismissed.

D. *Plaintiff's Counts Four and Five: Unfair Competition and Tortious Interference.*

■ Under Texas law, the elements of a cause of action for tortious interference with prospective contractual or business relations

are (1) a reasonable probability that the plaintiff would have entered into a contractual relationship, (2) an intentional and malicious act by the defendant that prevented the relationship from occurring, with the purpose of harming the plaintiff, and (3) actual harm or damage resulted from the defendant's interference. *Exxon Corp. v. Allsup,* 808 S.W.2d 648, 659 (Tex.App.—Corpus Christi 1991, writ denied). *see also in re Burzynski,* 989 F.2d 733, 739 (5th Cir.1993); *C.E. Servs., Inc. v. Control Data Corp.,* 759 F.2d 1241, 1249 (5th Cir.), *cert. denied,* 474 U.S. 1037, 106 S.Ct. 604, 88 L.Ed.2d 583 (1985); *Leonard Duckworth, Inc. v. Michael L. Field & Co.,* 516 F.2d 952, 956 (5th Cir.1975).

There is no summary judgment evidence that would support a finding that FMC maliciously interfered with Stearns's prospective business relations. Likewise, there is no summary judgment evidence which would support a finding that FMC engaged in any unfair competition. Therefore, the court concludes that Stearns's state law claims for tortious interference and unfair competition should be dismissed as well.

## V.

### ORDER

In accordance with the foregoing discussion,

The court ORDERS that FMC's motion for summary judgment be, and is hereby, granted.

The court further ORDERS that all claims asserted by Stearns against FMC in the above-styled and numbered cause be, and are hereby, dismissed.

The court further ORDERS that all costs of court be, and are hereby, taxed against Stearns.