United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 03-60835

(Summary Calendar)

————————

BILL LIBBEY, doing business as Libbey's Remodeling Service,

Plaintiff-Counter Defendant-Appellant,

versus

JOHN RIDGES; LUCILLE RIDGES,

Defendants-Counter Claimants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
USDC No. 5:01-CV-45-BrN

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Bill Libbey appeals from the district court decision finding that he was not permitted

to bring suit to recover money he claims is owed by Appellees John and Lucille Ridges because such

———————————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

suit is barred by Miss Code Ann. § 73-59-9, and from the judgment awarded to the Ridges in the amount of $51,999.92 on their counter claim. Libbey asserts that: (1) the district court erred in finding that § 73-59-9 bars a suit by a contractor who received a state license to perform residential construction or improvement after the performance of the work; (2) the district court erred in finding that § 73-59-9 bars suit by a contractor who has obtained all local licenses and permits to perform the work; (3) the Ridges cannot assert § 73-59-9 as a defense because they paid claims under the contract and because they did not raise it in their pleadings; (4) §73-59-9 violates the Commerce Clause, Due Process and the Eighth Amendment; (5) Libbey is entitled to recover under a theory of quantum meruit or unjust enrichment because these theories are not based on the contract; (6) the district court erred in granting judgment for the Libbeys on their counterclaim that Libbey had overcharged them for labor and material.

Libbey does not offer authority in support of claim two, three, and six. He thus waives these claims by failing to adequately brief them. *See United States v. Thames,* 214 F.3d 608, 611 n.3 (5th Cir. 2003).

Libbey argues that he is entitled to recover under a theory of quantum meruit or unjust enrichment because these theories are not based on the contract. Before the district court, however, he claimed only that he was entitled to recover the value of the labor and materials under the theory of quantum meruit or unjust enrichment. Although the district court previously ruled that § 73-59-9 barred Libbey from presenting these equitable claims, in his motion for reconsideration Libbey still did not include the argument that these theories are not barred by § 73-59-9 because they are not based on the contract. Thus, Libbey did not present this argument to the district court and has waived the argument on appeal. *See C.A.T. Indus. Disposal Inc., v. Browning Ferris,* 884 F.2d 209,

210-211 n.3 (5th Cir. 1989).

We review Libbey's first claim that the district court erred in interpreting § 73-59-9 to bar him from bringing suit when he obtained a license after performing the work at issue *de novo. See F.D.I.C. v. Shaid,* 142 F.3d 260, 261 (5th Cir. 1998) ("We review a district court's interpretation of a state statue under the de novo standard of review, and we interpret the state statute the way we believe the state Supreme Court would . . ."). Section 73-59-9 is similar to a former Mississippi corporate law which applied to foreign corporations, Miss. Code Ann. § 73-3-247 (1972) (repealed) ("foreign corporation statute"). The Mississippi Supreme Court interpreted the foreign corporations statute to require a license at the time the cause of action accrued t o bring a cause of action in its courts. *See Pittman v. Allenberg Cotton Co.,* 276 So.2d 678, 681 (Miss. 1973).[1] This suggests that § 73-59-9, which is similarly worded requires a license at the time the cause of action accrued as well. Moreover, in 1988, the legislature amended the foreign corporation statute to provide that foreign corporations could not maintain a suit in Mississippi court "*until* it obtains a certificate of authority." Miss. Code Ann. 79-4-15.02(a) (emphasis added). As section 73-59-9 was approved in 1995 after the above statute was amended, and the legislature did not use the explicit language above to allow contractors to bring suit in a Mississippi court after obtaining a certificate of authority, the legislature must not have intended to provide for that right. The district court did not err in finding that Libbey was barred from bringing a suit even though he obtained a license subsequent to performing the work.

Libbey also claims that § 73-59-9 violates the Commerce Clause. Libbey provides no

---

[1]The Supreme Court subsequently found this interpretation rendered the foreign corporations statute unconstitutional as it violated the Commerce Clause. *Allenberg Cotton Co., Inc. v. Pittman,* 419 U.S. 20 (1974). However, the Court did not question the validity of the interpretation of the foreign corporations statute. As explained in this opinion, the Commerce Clause is not an issue for MCA § 73-59-9.

evidence of interstate activity. All of the work and contracting at issue took place in the state of Mississippi. Accordingly, the Commerce Clause does not apply. *Cf. Allenberg Cotton Co. Inc. v. Pittman,* 419 U.S. 20, 33-34 (". . .refusal to honor and enforce contracts made for *interstate or foreign commerce* is repugnant to commerce clause.") (emphasis added).

Libbey further contends that §73-59-9 violates the due process clause of the Fourteenth Amendment because the due process clause prohibits the imposition of excessive or arbitrary punishments on tortfeasors. Libbey is not a tortfeasor, and his argument is nonsensical. Libbey also contends that § 73-59-9 violates the Eighth Amendment prohibition on cruel and unusual punishment. Libbey has not been convicted of a crime, thus this argument fails. *See Palermo v. Rorex*, 806 F.2d 1266, 1272 (5th Cir. 1987).

AFFIRMED.