WALLER, Chief Justice,
for the Court.
¶ 1. Lutz Homes, Inc., and Barry R. Lutz seek review of the final judgment of *61 the Jackson County Circuit Court releasing their construction lien and barring the counterclaim of Lutz Homes, Inc. Finding that Lutz Homes, Inc., complied with Mississippi Code Section 73-59-9(3) prior to the commencement of this action, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
¶ 2. In April 1999, Barry R. Lutz obtained a residential builder’s license from the Mississippi State Board of Contractors in his name. He operated as a sole proprietorship until October 2001, at which time he incorporated his business as Lutz Homes, Inc., naming himself as president and sole shareholder. Though Lutz thereafter operated in the corporate name, he did not have his license re-issued under the name of Lutz Homes, Inc.[1]
¶ 3. On June 6, 2005, Carl and Lorraine Weston entered into a contract with Lutz Homes, Inc., for the construction of a home. At the time of contract, and during the course of performance, Lutz Homes, Inc., was unlicensed because the residential builders license remained in Lutz’s individual name.
¶ 4. In the spring of 2006, a dispute caused the Westons to terminate the services of Lutz Homes, Inc., and to refuse payment. The Westons asserted that Lutz Homes, Inc., had not performed in a workmanlike manner, had misrepresented its standards, and had refused to address their concerns. On April 24, 2006, Lutz Homes, Inc., responded by filing a notice of construction lien in the amount of $118,125.
¶ 5. In August 2006, Lutz contacted the State Board of Contractors and requested that “Lutz Homes, Inc.” be named a license holder. Lutz’s request was granted on August 11, 2006.[2]
¶ 6. On October 24, 2006, the Westons filed suit against Lutz Homes and Lutz individually (hereinafter “Defendants”), requesting that the contract be declared null and void, and seeking a preliminary injunction to terminate the construction lien. The Westons argued that Mississippi Code Section 73-59-9(3)[3] rendered the contract void because Lutz Homes, Inc., was an unlicensed residential builder at the time the contract was entered. They asserted that a preliminary injunction was proper because Lutz Homes, Inc., being unlicensed, was not authorized to file a construction lien, and that such lien caused them irreparable harm by preventing them from receiving relief grants in the aftermath of Hurricane Katrina. The Westons sought $300,000 in damages for breach of *62 contract, wrongful interference with a contractual right, and slander of title. The Defendants filed an answer acknowledging that the residential builder’s license had remained in Lutz’s individual name until August 2006. Defendants asserted affirmatively that the delay and cost overruns were the result of Hurricane Katrina, and that the Westons themselves had prevented completion of the contract. Additionally, Lutz Homes filed a counterclaim for breach of contract, and sought $152,898 in damages for the cost of labor and materials.
¶ 7. On December 12, 2007, Defendants filed a motion for declaratory judgment to establish Lutz Homes, Inc.’s right to proceed on the counterclaim and to maintain the construction hen. They argued that Lutz’s residential builder’s license should benefit Lutz Homes, Inc., because the company was essentially Lutz’s alter ego. On February 29, 2008, the trial court denied Defendants’ Motion for Declaratory Judgment. It further found that Lutz Homes, Inc., was not a licensed residential builder at the time of contract and ordered that its lien be released and its counterclaim barred. On April 15, 2008, the trial court entered a final judgment pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure dismissing Lutz Homes, Inc.’s counterclaim. Defendants now appeal, raising one assignment of error.
DISCUSSION
Whether Mississippi Code Section 73-59-9(3) prohibits Lutz Homes[4] from proceeding on its counterclaim for breach of contract.
¶ 8. “Statutory interpretation is a matter of law which this Court reviews de novo.” Wallace v. Town of Raleigh, 815 So.2d 1203, 1206 (Miss.2002) (citing Donald v. Amoco Prod. Co., 735 So.2d 161, 165 (Miss.1999)).
¶ 9. When a statute is unambiguous and conveys a clear and definite meaning, this Court follows its plain terms. Nat’l Union Fire Ins. Co. v. Miss. Ins. Guar. Ass’n, 990 So.2d 174, 180 (Miss.2008) (quoting Marx v. Broom, 632 So.2d 1315, 1318 (Miss.1994)). This Court resorts to the canons of statutory interpretation only where a statute is ambiguous or silent on a specific issue. Nat’l Union Fire Ins. Co., 990 So.2d at 180 (citing Dupree v. Carroll, 967 So.2d 27, 30 (Miss.2007)).
¶ 10. Section 73-59-9(3) states that “[a] residential builder or remodeler who does not have the license provided by this chapter may not bring any action, either at law or in equity, to enforce any contract for residential building or remodeling or to enforce a sales contract.” Miss.Code Ann. § 73-59-9(3) (Rev.2008), extended by 2009 Miss. Laws ch. 556. The term “residential builder” encompasses corporations, partnerships, and individuals alike. Miss.Code Ann. § 73-59-1(b) (Rev.2008), extended by 2009 Miss. Laws ch. 556. Accordingly, any “corporation, partnership or individual” seeking a residential builder’s license must file a written application with the State Board of Contractors. Miss.Code Ann. § 73-59-5 (Rev.2008), extended by 2009 Miss. Laws ch. 556. Mississippi’s residential builder’s licensing statutes thus indicate that a corporation operating as a residential builder should maintain a license *63 distinct from its individual incorporator(s), officer(s), member(s), or shareholder(s). See Miss.Code Ann. §§ 73-59-1 to 73-59-21 (Rev.2008), extended by 2009 Miss. Laws ch. 556.
¶ 11. Mississippi Code Sections 73-59-1 through 73-59-21 charge the State Board of Contractors with enforcement and supervisory authority for licensing residential builders and remodelers. Miss.Code Ann. §§ 73-59-1 to 73-59-21 (Rev.2008), extended by 2009 Miss. Laws ch. 556. Pursuant thereto, the State Board of Contractors has promulgated rules and regulations concerning changes in a licensee’s name or corporate structure. Board of Contractors Regulations, 50-023 CMSR § 002-1 (1994). The rules state that, when corporate structure is altered, the currently licensed person or entity must complete an application outlining the change of structure, articulating the impact of the change, paying a fifty-dollar fee. Id. Specifically, the pertinent rule provides that:
Any corporation or other legal business entity holding a valid license shall immediately notify the [State Board of Contractors] of any change of name or corporate structure by filing an application with the Executive Secretary of the Board outlining the specific change and the impact on the status of the entity. A fee of $50.00 shall accompany each application filed pursuant to this rule.

Id.

¶ 12. As early as 2002, Lutz noted the change in business structure by filing his annual license renewal forms. In his April 2002 license renewal form, Lutz reported that he had incorporated his business in October 2001. Thereafter, Lutz provided information about his new business structure on each annual license renewal form until 2006, when the form was modified so that such information was no longer required. While Lutz may be credited for diligently and accurately filing his annual license renewal forms, he did not comply with the rules set forth by the State Board of Contractors in submitting the required application for a change in corporate structure. Lutz failed to submit the requisite application or fifty-dollar fee.
¶ 13. No issue exists on appeal concerning whether Lutz Homes, Inc., was licensed prior to August 2006. Lutz acknowledges that “technically speaking, at the time of execution of the construction contract (June 6, 2005) Lutz Homes Inc. [sic] did not have a residential builders license.”
¶ 14. We agree that Lutz Homes, Inc., was unlicensed at the time it entered into the construction contract with the Wes-tons. Nevertheless, Section 73-59-9(3) does not bar its counterclaim or lien. Miss.Code Ann. § 73-59-9(3) (Rev.2008), extended by 2009 Miss. Laws ch. 556.
¶ 15. As previously discussed, under Section 73-59-9(3), a corporation must be licensed prior to asserting an “action.”[5] Miss.Code Ann. § 73-59-9(3) (Rev.2008), extended by 2009 Miss. Laws ch. 556. The plain language of Section 73-59-9(3) requires only that a residential builder obtain a license prior to bringing an action. Id. Unlike similar statutes found in Title 73 of the Mississippi Code, Section 73-59-9(3) does not require that a residential builder be licensed at the time of performance or at the time the cause of action accrued. Cf. Miss.Code Ann. § 73-34-55 (Rev.2008) (in order to maintain an action to recover a commission, fee, or *64 compensation, a real estate appraiser must have been licensed at the time of doing the act or rendering the service); Miss.Code Ann. § 73-35-33(1) (Rev.2008) (in order to maintain an action to recover a commission, fee, or compensation, a real estate broker must have been licensed at the time of the act or service). Once a license has been obtained, the disqualification is removed and an action may be brought to enforce a residential building or sales contract, regardless of whether the contract was made before or after the license was acquired.[6] See Miss.Code Ann. § 73-59-9(3) (Rev.2008), extended by 2009 Miss. Laws ch. 556.
¶ 16. Lutz Homes, Inc., became licensed in August 2006, two months prior to the start of this litigation, and four months before its counterclaim was filed. Its counterclaim and lien, therefore, are not barred under Section 73-59-9(3).
CONCLUSION
¶ 17. We find that the trial court erred in dismissing Lutz Homes, Inc.’s counterclaim and ordering its construction lien released. Accordingly, we reverse the trial court’s judgment and remand this case for further proceedings.
¶ 18. REVERSED AND REMANDED.
CARLSON, P.J., RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. KITCHENS, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J., AND CHANDLER, J.; DICKINSON, J., JOINS IN PART. DICKINSON, J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION.

. Lutz claims that the annual license renewal forms requested information about his corporate structure. He submits that he included information about Lutz Homes, Inc., in these forms; therefore, the State Board of Contractors had notice of the change as early as April 2002.

. According to the record, Lutz requested the name change by telephone, and the change was verified by the State Board of Contractors in a memo dated November 2, 2006. This memo is listed as "Exhibit A” to Lutz Homes, Inc.'s, and Lutz's Motion for Declaratory Judgment, but it was not included in the record. In their brief, the Westons do not contest the fact that Lutz Homes, Inc., acquired a residential builder’s license in August 2006. They contend, rather, that Lutz did not request merely a change of name, but sought an entirely new license for Lutz Homes, Inc.

.Mississippi Code Section 73-59-9(3) states that "[a] residential builder or remodeler who does not have the license provided by this chapter may not bring any action, either at law or in equity, to enforce any contract for residential building or remodeling or to enforce a sales contract.” Miss.Code Ann. § 73-59-9(3) (Rev.2008), extended by 2009 Miss. Laws ch. 556.

. Both parties concede that Lutz Homes, Inc., is the rightful party to the contract. As an aside, we note that, even though the contract is signed solely in Lutz’s individual name, the signature line is preceded by the term "Authorized Signature.” This implies that Lutz signed as an authorized agent of Lutz Homes. See Turtle & Hughes, Inc. v. Browne, 1996 WL 384895, 1996 U.S. Dist. LEXIS 9555, *10 (S.D.N.Y. July 9, 1996); Marveon Sign Co. v. Roennebeck, 694 P.2d 604, 604 (Utah 1984).

. An “action” is defined at common law as "a legal demand of one's right.” United States v. Smelser, 87 F.2d 799, 800 (5th Cir.1937); cf. Black's Law Dictionary 24 (abridged 7th ed.2000) (defining “action” as “[a] civil or criminal judicial proceeding”).

. In an unpublished opinion issued August 17, 2004, the United States Court of Appeals for the Fifth Circuit found that Section 73-59-9 required a license at the time the cause of action accrued. Libbey v. Ridges, 113 Fed.Appx. 3, 2004 WL 1835997 (5th Cir.2004) (unpublished). This unpublished opinion, however, is not considered precedent under Fifth Circuit Rules. 5th Cir. R. 47.5.4. Moreover, while Fifth Circuit decisions are highly persuasive, they are not binding authority for this Court. Sperry-New Holland, Div. of Sperry Corp. v. Prestage, 617 So.2d 248, 256 (Miss.1993) (superseded on other grounds by statute).