LEE, C.J., FOR THE COURT:
¶1. In this appeal we must determine whether the circuit court erred when it held that Mississippi Code Annotated Section 73-59-9(3) (Rev. 2017) barred WC Baker Company LLC's suit against Philden and Leigh Anne Stockton for breach of contract. Finding the circuit court erred in its application of section 73-59-9(3), we reverse the circuit court's judgment and remand the case for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶2. In April 2014, the Stocktons hired WC Baker Company, an Alabama limited-liability company, to build their residence in Itawamba County, Mississippi. The parties had an oral agreement that they did not formalize in writing. WC Baker did not have a residential builder's license at the *949 time it contracted with the Stocktons or during the construction of the Stocktons' home.
¶3. On April 12, 2016, WC Baker filed suit against the Stocktons for breach of contract, claiming that pursuant to the terms of the contract, the Stocktons were to pay the invoices as billed by WC Baker until the project was paid in full and that the Stocktons failed to fully pay WC Baker for all work performed. WC Baker's complaint alleged the Stocktons owed $57,638.83 in outstanding, unpaid invoices. The Stocktons filed their answer, defenses, and counterclaims against WC Baker on June 10, 2016, and WC Baker filed its answer to the counterclaim on July 19, 2016.
¶4. Importantly, on July 21, 2017, the Stocktons filed a Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss all claims, arguing that section 73-59-9(3) barred WC Baker from bringing suit because it did not have a residential builder's license when it constructed the Stocktons' home. WC Baker filed its response, acknowledging that it did not have a builder's license at the time it constructed the home but that it had a builder's license at the time it filed suit, which is all that is required under section 73-59-9(3). Following a hearing, the circuit court granted the Stocktons' motion, thereby dismissing WC Baker's claims. WC Baker now appeals.
STANDARD OF REVIEW
¶5. "When reviewing a trial court's grant or denial of a motion to dismiss, this Court employs a de novo standard of review." Standifer v. Boren ex rel. Graham , 111 So.3d 1267, 1268 (¶ 5) (Miss. Ct. App. 2013).
DISCUSSION
¶6. The Stocktons argued and the circuit court found that WC Baker was barred from bringing suit under section 73-59-9(3) because it did not have a Mississippi residential builder's license at the time of construction. On appeal, WC Baker argues that section 73-59-9(3) only requires a residential builder to obtain a license prior to filing suit and that the circuit court erred in dismissing its claims.
¶7. The Mississippi Supreme Court in Lutz Homes Inc. v. Weston , 19 So.3d 60, 63 (¶ 14) (Miss. 2009), directly addressed the very question now before us-that is, whether section 73-59-9(3) prohibits a builder's breach-of-contract claim where the builder was not licensed during construction but obtained a license before filing suit. In short, the supreme court held that it does not.
¶8. Section 73-59-9(3) states, "A residential builder or remodeler who does not have the license provided by this chapter may not bring any action, either at law or in equity, to enforce any contract for residential building or remodeling or to enforce a sales contract." As noted in Lutz , "[t]he term 'residential builder' encompasses corporations, partnerships, and individuals alike." Lutz Homes Inc. , 19 So.3d at 62 (¶ 10) (citing Miss. Code Ann. § 73-59-1(b) (Rev. 2008) ). The supreme court explicitly held that "[t]he plain language of Section 73-59-9(3) requires only that a residential builder obtain a license prior to bringing an action." Id. at 63 (¶ 15). " Section 73-59-9(3) does not require that a residential builder be licensed at the time of performance or at the time the cause of action accrued" in order to bring suit. Id. "Once a license has been obtained, the disqualification is removed and an action may be brought to enforce a residential building or sales contract, regardless of whether the contract was made before or after the license was acquired." Id. at 64 (¶ 15).
*950 ¶9. In Lutz , the Westons entered into a contract with Lutz Homes Inc. for the construction of their home. Id. at 61 (¶ 3). At some point, a dispute arose between the Westons and Lutz Homes, and the Westons terminated Lutz Homes and refused payment. Id. at (¶ 4). They filed suit against Lutz Homes, and Lutz Homes responded by filing a construction lien and a counterclaim. Id. at 61-62 (¶¶ 4, 6). The Westons argued before the circuit court that section 73-59-9(3) prohibited Lutz Homes' lien and counterclaim because Lutz Homes was not licensed at the time of contracting or construction and only obtained a license two months before litigation began. Id. at 61 (¶¶ 5-6). The circuit court found that Lutz Homes was, in fact, not a licensed builder at the time of contracting or construction and ordered that its lien be released and that its counterclaim was barred by section 73-59-9(3). Id. at 62 (¶ 7). On appeal, the supreme court reversed. Id. at 61 (¶ 1). Although the supreme court "agree[d] that Lutz Homes ... was unlicensed at the time it entered into the construction contract with the Westons[,]" it held that, "[n]evertheless, Section 73-59-9(3) does not bar its counterclaim or lien." Id. at 63 (¶ 14). The supreme court found that "Lutz Homes ... became licensed ... two months prior to the start of this litigation, and four months before its counterclaim was filed. Its counterclaim and lien, therefore, are not barred under Section 73-59-9(3)." Id. at 64 (¶ 16). It follows that if a counterclaim for breach of contract is not barred by section 73-59-9(3), neither is a claim for breach of contract.
¶10. Here, WC Baker became licensed two months before it filed suit against the Stocktons. Therefore, according to Lutz , WC Baker's claim is not barred by section 73-59-9(3), and the circuit court erred in dismissing its claims.
¶11. The Stocktons argue that the present case is distinguishable from Lutz because here, the builder did not have a license of any sort-as either a corporation or an individual-whereas in Lutz , the Lutz Homes corporation was not licensed, but Barry Lutz, the individual builder, was personally licensed. Id. at 61 (¶ 3). The Westons' contract, however, was with Lutz Homes, the corporation, not Barry Lutz the individual. Id. And the supreme court has already rejected this argument, stating in Lutz that the Mississippi's builder's licensing statutes "indicate that a corporation operating as a residential builder should maintain a license distinct from its individual incorporator(s), officer(s), member(s), or shareholder(s)." Id. at 62-63 (¶ 10). The Westons' contract was with Lutz Homes; as such, Lutz Homes' counterclaim for breach of contract was through its corporation, not through Lutz individually. Thus, the supreme court's decision that Lutz Homes, as a corporation, could file suit once it obtained a license was not predicated whatsoever on the fact that Lutz individually held a license, but based upon the supreme court's statutory interpretation of section 73-59-9(3). Just as in Lutz , here, the Stocktons' contract was with WC Baker, a corporation that was unlicensed but became licensed before filing suit. In Lutz , the supreme court did not rely on the fact that the individual builder was licensed in determining that Lutz Homes' could file suit once it held a license. This is made even more apparent in the separate concurring opinions in Lutz . Accordingly, we do not rely on the fact that the individual builder in this case was not licensed to distinguish the present case from Lutz . Lutz applies.
¶12. Additionally, since the Lutz decision in 2009, the Legislature reenacted section 73-59-9 in 2011 and again reenacted and also amended the statute in *951 2015; but neither time did the Legislature amend subsection 73-59-9(3). "[U]pon finding the Legislature amended or reenacted the statute without correcting the prior interpretation," this Court will "continue to apply the previous statutory interpretation, pursuant to the doctrine of stare decisis...." Rankin Cty. Bd. of Supervisors v. Lakeland Income Properties LLC , 241 So.3d 1279, 1283 (¶ 13) (Miss. 2018).
¶13. We must also address the Stocktons' argument on appeal that this Court should follow its decision in Puckett v. Gordon , 16 So.3d 764, 770 (¶ 20) (Miss. Ct. App. 2009), in which we held that the general contractor was barred from recovery by section 73-59-9(3) because he acted as a remodeler without a license. Notably, although the builder in Puckett did not have a license at the time of construction-like Lutz , there is no indication or discussion in the Puckett decision that the general contractor obtained a license prior to filing suit -unlike Lutz . In further response to the Stocktons' argument, we acknowledge that "[t]he ultimate authority and responsibility to interpret the law, including statutes, rests with [the supreme court]." Queen City Nursing Ctr. Inc. v. Miss. State Dep't of Health , 80 So.3d 73, 84 (¶ 28) (Miss. 2011). "This Court, sitting as an intermediate appellate court, is bound by established precedent as set out by the Mississippi Supreme Court[,] and we do not have the authority to overrule the decisions of that court." Bevis v. Linkous Const. Co. , 856 So.2d 535, 541 (¶ 18) (Miss. Ct. App. 2003). At the time Puckett was decided, this Court did not have the benefit of the supreme court's decision in Lutz , because the Lutz case handed down a mere two days after Puckett . What is concerning is that the circuit court in this case, fully aware of the supreme court's decision in Lutz , opined in its bench ruling that "the majority's interpretation of the Section 73-59-9(3) was erroneous" and so declined to follow it. Just as this Court is bound by the supreme court's established precedent, so is the circuit court. Trial courts may not elect, as did the circuit court in this case, to follow separate or dissenting opinions that hold no precedential value.
¶14. Here, WC Baker Company acknowledges that it did not have a license during the contracting or construction of the Stocktons' home. It did, however, obtain a license prior to filing its suit against the Stocktons. Thus, because-as directly explained in Lutz -" Section 73-59-9(3) does not require that a residential builder be licensed at the time of performance or at the time the cause of action accrued" and "only that a residential builder obtain a license prior to bringing an action," the circuit court erred in dismissing WC Baker's claims for breach of contract. Lutz Homes Inc. , 19 So.3d at 63 (¶ 15). Accordingly, we reverse the circuit court's judgment and remand this case for further proceedings.
¶15. REVERSED AND REMANDED.
GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.